# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RICKY DEAN JACKSON, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:10CV170 SNLJ |
| STATE OF MISSOURI, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Ricky Jackson seeks to remove a criminal proceeding, in which he is being prosecuted for forgery, from the Circuit Court of Scott County to this Court pursuant to 28 U.S.C. § 1443. The Court has reviewed the notice of removal and will remand the case pursuant to 28 U.S.C. § 1446(c)(4).

Plaintiff has been indicted for violation of Mo. Rev. Stat. § 570.090, forgery. Plaintiff waived formal arraignment on April 28, 2006. See State v. Jackson, No. 05G4-CR02384-01 (33rd Judicial Cir., Scott County) available at https://www.courts.mo.gov/casenet/base/welcome.do.

Plaintiff seeks to remove his criminal action to this Court because he believes the state court judge is incorrectly applying the law and because he believes federal law applies to his case. Plaintiff further believes his due process rights are being

violated because the state court judge will not allow him to discuss federal law in the proceedings.

Title 28 U.S.C. § 1443 states:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

To demonstrate that removal is proper under § 1443(1), a defendant "must show that he relies upon a law providing for equal civil rights stated in terms of racial equality." Neal v. Wilson, 112 F.3d 351, 355 (8th Cir. 1997). "'Removal is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts.'" Id. (quoting Georgia v. Rachel, 384 U.S. 780, 800 (1966)). Removal is not warranted if a defendant's claim is that the state courts do not respect and will not enforce his federal rights. Id.

Removal under § 1443(2) is "available only to federal officers and to persons assisting such officers in the performance of their official duties." Greenwood v. Peacock, 384 U.S. 808, 815 (1966).

To properly effect removal, "[a] notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except . . . for good cause shown." 28 U.S.C. § 1446(c)(1).

Title 28 U.S.C. § 1446(c)(4) states, "The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."

Plaintiff has not met the stringent requirements of § 1443. He has not shown that he relies on a law providing for equal civil rights stated in terms of racial equality. Nor has he shown that there is a state law preventing him from raising his federal claims in state court. Plaintiff's only course of action for challenging the state court's enforcement of his federal rights is to seek review in the United States Supreme Court. Neal, 112 F.3d at 355. Furthermore, the remand is untimely because it was not filed within thirty days of the date of the arraignment. As a result, the Court is required to summarily remand this case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Circuit Court of Scott County (33rd Judicial Circuit).

**IT IS FURTHER ORDERED** that the Clerk shall forward a copy of this Order to the Circuit Court of Scott County, with reference to <u>State v. Jackson</u>, No. 05G4-CR02384-03.

Dated this <u> 26th </u> day of October, 2010.

                                                    /s/ Stephen N. Limbaugh, Jr.  
                                                  STEPHEN N. LIMBAUGH, JR.  
                                                  UNITED STATES DISTRICT JUDGE